IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


MAX E. RAYLE, et al.,

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case No. 3:12 CV 2052 |
| -vs- |  |  |
|  |  | MEMORANDUM   OPINION |
| WOOD COUNTY HOSPITAL, |  |  |
|  | Defendant. |  |

KATZ, J.

Plaintiffs Susan E. Rayle ("Mrs. Rayle) and Max E. Rayle ("Mr. Rayle") bring this action

against Mrs. Rayle's former employer, Defendant Wood County Hospital.  Plaintiffs seek a

declaratory judgment they are entitled to an extension of medical benefits under Defendant's

Employee Benefits Plan ("Plan").

The matter is currently before the Court on Defendant's FED. R. CIV. P. 12(b)(6) motion to

dismiss.  For the reasons stated herein, Defendant's motion is granted.

## I.  Background

The Court accepts Plaintiffs' factual allegations as true for purposes of the instant motion.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir.

2007).

As an employee of Defendant, Mrs. Rayle was a participant in Defendant's ERISA-

qualified Plan.  Mr. Rayle, as her spouse, was a beneficiary.  The Plan summary designates

Defendant as the Plan Administrator, with the sole discretion to interpret the Plan and decide any

questions of eligibility.  The Plan further designates non-party Mutual Health Services ("MHS")

as the Claims Administrator.

On January 12, 2011, Defendant placed Mrs. Rayle on involuntary temporary disability leave due to perceived problems with cognitive abilities. After consultation between Plaintiffs and Defendant, it was jointly determined by all parties that the best course was to place Mrs. Rayle on "a disability retirement." Plfs' Compl. at ¶ 15. Mrs. Rayle subsequently applied and was approved for disability retirement under the Plan, the benefits of which are administered by non-party Assurant Employee Benefits ("AEB"). Mrs. Rayle also applied to the Social Security Administration ("SSA") for social security disability benefits.[1] SSA determined Mrs. Rayle to be disabled and approved disability benefits on July 10, 2011, and Plaintiffs subsequently notified AEB of the determination so that Plan benefits could be adjusted accordingly. Plaintiffs did not, however, notify Defendant of SSA's disability determination, though they had previously informed Defendant that Mrs. Rayle was applying for social security disability benefits.

Meanwhile, Mr. Rayle, as a Plan beneficiary, elected to continue Plan coverage for himself beyond the termination of Mrs. Rayle's employment, as provided for by COBRA and ERISA. Specifically, the applicable law and Plan sections provide that Mr. Rayle could receive continuation coverage for eighteen months from the date of Mrs. Rayle's termination, and that he could further extend coverage for an additional eleven months–for a total continuation coverage period of twenty-nine months–"[i]f an Employee or family member [i.e., Mrs. Rayle,] is disabled at any time during the first 60 days of continuation coverage." Plfs' Compl. at ¶ 33 (quoting the Plan). To elect the full twenty-nine months of continuation coverage, however, "[SSA] must formally determine . . . that the disability exists . . . [and] notice of the determination . . . must be

---

[1]

Mrs. Rayle also applied and was approved for "regular" social security retirement benefits.

provided to Wood County Hospital or the Plan Administrator both within the 18-month coverage period and with[in] 60 days after the date of the determination. *Id*.

In December 2011, Mr. Rayle was diagnosed with late stage three lung cancer. Thereafter, Plaintiffs wrote several letters to MHS asking for confirmation that Mr. Rayle was covered by the Plan's full twenty-nine month period of continuation coverage. MHS wrote to Plaintiffs on February 9, 2012 to inform them that continuation coverage was not available. Plaintiffs then wrote several letters to Defendant asking for confirmation that Mr. Rayle was eligible for the full twenty-nine months of continuation coverage. Defendant responded on May 16, 2012 that Mr. Rayle, while covered by the initial eighteen-month period, was not eligible for the full twenty-nine months because Plaintiffs did not notify the Plan Administrator (i.e., Defendant) within sixty days of SSA's determination of Mrs. Rayle's disability.

Plaintiff filed the instant lawsuit seeking a declaratory judgment that the applicable legal standard for reviewing Defendant's denial of continuation coverage is *de novo*, not arbitrary and capricious (Count I). Even if this Court applies an arbitrary and capricious review, Plaintiffs seek a declaration that Defendant's denial of continuation coverage is violative of that standard (Count II). Defendant seeks dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(6).

## II. FED. R. CIV. P. 12(b)(6) Standard

FED. R. CIV. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson*, 551 U.S. at 94; *Thurman*, 484 F.3d at 859. To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to

3

raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain more than "a formulaic recitation of the elements of the cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that FED. R. CIV. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); see also *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**III. Discussion**

**A. Standard of Review (Count I)**

4

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court held that an ERISA plan administrator's decisions are reviewed under the arbitrary and capricious standard if the plan "gives the administrator . . . discretionary authority to determine eligibility or construe the terms of the plan." *Id*. at 115; *accord Youngstown Aluminum Prods. v. Mid-West Benefit Servs.*, 91 F.3d 22, 25 (6th Cir. 1996) (citing *Firestone*, *supra*).  In the instant matter, the Plan gives Defendant "the final, sole discretion to Interpret the Plan, decide any questions of eligibility, and determine any benefits which are payable under the Plan."  Thus, the appropriate standard for reviewing Defendant's denial of Mr. Rayle's twenty-nine month continuation coverage is "arbitrary and capricious," and Defendant's motion to dismiss is therefore granted as to Count I.[2]

## B.  Review of Defendant's Decision (Count II)

In applying the arbitrary and capricious standard of review to Defendant's decision, the Court notes that arbitrary and capricious is "'the least demanding form of judicial review of an administrative action.  When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.'"  *Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 893 (6th Cir. 1989) (internal citations omitted) (quoting *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir. 1985)); *accord Hunter v. Caliber Sys.*, 220 F.3d 702, 710 (6th Cir. 2000).  Thus, the Court reviews Defendant's denial of Mr. Rayle's

---

[2]

Plaintiffs' insistence that Defendant must actually have exercised discretion to invoke the deferential arbitrary and capricious standard–a bald mischaracterization of *Firestone*'s plain language–would not change the outcome even if accepted.  As Defendant points out, the facts as alleged by Plaintiffs illustrate that Defendant did exercise discretion when it utilized information from MHS to determine that Plaintiffs failed to timely notify Defendant of SSA's disability determination.

twenty-nine month continuation coverage to determine whether Defendant can possibly offer a

reasoned explanation for that decision.

Defendant can, and did, offer a reasoned explanation, thereby satisfying the arbitrary and

capricious standard.  Specifically, Defendant points out that Plaintiffs did not notify

Defendant–the Plan Administrator–of SSA's disability determination within sixty days of that

determination.  Such is a reasoned explanation for denial given that the express terms of the Plan

require Plaintiffs to so notify Defendant.

Plaintiff unpersuasively enumerates seven ways in which Defendant was on notice of Mrs.

Rayle's disability:

> (a) Defendant unilaterally placed Mrs. Rayle on temporary disability leave;

> (b) Defendant agreed with Plaintiffs that the best resolution to Mrs. Rayle's
> employment was to place her on disability status;

> (c) Defendant helped prepare and submit a disability benefits application through
> another employee benefit program;

> (d) Mrs. Rayle formally requested on April 13, 2011 that Defendant place her on
> disability retirement;

> (e) Defendant knew that long term disability benefits were approved by AEB;

> (f) Plaintiffs discussed with Defendant that Mrs. Rayle had applied to SSA for
> social security disability benefits;

> (g) AEB acknowledged receipt of Plaintiffs' notice that SSA determined Mrs.
> Rayle to be disabled.

Plfs' Br. at 8-9.  Plaintiffs' assertion that Defendant was effectively on notice of Mrs. Rayle's

disability via the above list does not change the analysis.  First, the Plan requires that Defendant

be specifically notified of SSA's disability determination within sixty days, not that Defendant be

notified that Mrs. Rayle may otherwise be considered disabled.  Second, inasmuch as Plaintiffs

6

contest Defendant's interpretation of the Plan as requiring actual notice of SSA's determination–as opposed to interpreting the plan such that Defendant's general knowledge of a disability would suffice–Defendant again satisfies the arbitrary and capricious standard.  As pointed out by Defendant, many plan participants simply choose not to extend their continuation coverage beyond the initial eighteen months, and Defendant therefore needs a uniform mechanism by which it will know of a participant's decision.  Third, to the extent Plaintiffs offer their own reasonable alternatives in an attempt to paint Defendant's decision as an unreasoned violation of the arbitrary and capricious standard, the Court is not persuaded.  Defendant has offered a reasoned explanation and has thereby satisfied the applicable standard of review.  *Davis*, 887 F.2d at 893.  Count II of Plaintiffs' complaint is therefore dismissed.

## IV.  Conclusion

For the reasons stated herein, Defendant's FED. R. CIV. P. 12(b)(6) motion to dismiss is granted.  Doc. 8.  Case closed.

IT IS SO ORDERED.

s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE
